IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEARICK FARR, #K-69866,    )  | |
| )  | |
| Plaintiff,    )  | |
| )  | |
| vs.    )  | Case No. 16-cv-00141-MJR |
| )  | |
| OFFICER STOCKS,    )  | |
| ROGER MOSS,    )  | |
| and KAREN PIERCE,    )  | |
| )  | |
| Defendants.    )  | |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Dearick Farr, an inmate who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Roger Moss (chief administrative officer), Karen Pierce (grievance officer/counselor), and Officer Stocks (correctional officer). (Doc. 1 at 5). In his complaint, Plaintiff alleges that he sustained traumatic injuries to his back and elbow when he slipped and fell in a puddle of water in Dorm F at Vandalia. Plaintiff blames Officer Stocks for his injuries. Officer Stocks was allegedly in charge of the dorm at the time, but failed to post signs warning inmates about the puddle. Had the officer done so, Plaintiff alleges that his serious injuries and ongoing pain and suffering might have been avoided. (*Id*.). In connection with this incident, Plaintiff now sues Officer Stocks, Karen Pierce, and Roger Moss for negligence. (*Id*. at 6). He seeks monetary relief. (*Id*.).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The complaint is subject to dismissal under this standard.

**Discussion**

Plaintiff raises a single negligence claim (**Count 1**) against the defendants in his complaint. However, he cannot proceed with this claim. Section 1983 creates "a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); *see also Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Plaintiff offered no facts suggesting that any of the defendants caused or participated in conduct that amounted to a constitutional deprivation.

A constitutional claim might arise, for example, if Plaintiff alleged that the defendants subjected him to unconstitutional conditions of confinement, in violation of the Eighth Amendment. In order to proceed on an Eighth Amendment conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). First, the alleged condition or deprivation must be objectively serious. This occurs when the complained of condition results in unquestioned and serious deprivations of basic human needs or deprives inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). *But see Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from . . . safety hazards, is not [a constitutional violation]."). Second, the official must respond to the condition with deliberate indifference. This occurs when the official is aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also draws the inference. *See, e.g., Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  In Plaintiff's complaint, no allegations suggest that the conditions in Dorm F were objectively, sufficiently serious or that the defendants responded with deliberate indifference to them.  The Court finds no basis for allowing Plaintiff to proceed on an Eighth Amendment conditions of confinement claim against any of the defendants at this time.

A claim might also arise if the defendants responded to Plaintiff's serious medical needs with deliberate indifference, in violation of the Eighth Amendment.  To plead an Eighth Amendment medical needs claim, a complaint must describe an objectively serious medical condition and allege that an official responded with deliberate indifference to the condition. *See Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011).  A medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  A prison official acts with deliberate indifference when he "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  However, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice.  *Estelle*, 429 U.S. at 106; *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  Given the absolute lack of allegations addressing Plaintiff's medical treatment for his injuries, the Court finds no basis for allowing Plaintiff to proceed with an Eighth Amendment medical needs claim either.

The problem with Plaintiff's complaint is that his single claim is rooted in negligence. According to the complaint, Officer Stocks neglected to post warning signs near the puddle in Dorm F. Plaintiff alleges that he might have avoided falling and injuring himself, if the officer had done so. These allegations do not support a claim under § 1983. A defendant can never be held liable under § 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). *See also Snipes*, 95 F.3d at 590 ("Mere negligence or even gross negligence does not constitute deliberate indifference."). The negligence claim in Count 1 shall therefore be dismissed against Officer Stocks, as well as the other two defendants.

Additional grounds exist for dismissal Karen Pierce and Roger Moss from this action. Plaintiff omitted reference to these defendants in his statement of claim. It is therefore unclear why they are named as defendants in this action. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included certain defendants in his statement of the claim, the defendants cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against them. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the

caption."). The fact that Karen Pierce and Roger Moss are mentioned nowhere in the statement of claim provides additional grounds for their dismissal from this action.

Based on the foregoing discussion, the negligence claim cannot proceed. No other claim is alleged. Accordingly, the complaint shall be dismissed. However, the dismissal shall be without prejudice, and Plaintiff will be given an opportunity to file an amended complaint that focuses on an Eighth Amendment conditions of confinement and/or medical needs claim against the defendants. When doing so, he must follow the Court's deadline(s) and instructions, which are set forth in the below disposition, or this case will be dismissed with prejudice.

## **Pending Motion**

Along with the complaint, Plaintiff filed a Motion to Appoint of Counsel (Doc. 3), which is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding

to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff indicates that he has attempted to secure counsel, but he has been unable to do so.  He claims that he needs an attorney to represent him because he only has a high school education.  He cites no other reasons for needing an attorney at this time, such as language, writing, cognitive, or mental health barriers to *pro se* litigation.  The Court notes that the complaint is coherent and well-drafted, but focuses only on a negligence claim.  To the extent that a viable conditions of confinement or medical needs claim arises under the Eighth Amendment, Plaintiff appears capable of preparing an amended complaint that articulates those claims and litigating said claims at this time.  The Court therefore declines to recruit counsel at this early stage in litigation.  The Motion to Appoint Counsel (Doc. 3) is **DENIED**.  However, the denial is without prejudice, and the Court remains receptive to the idea of recruiting counsel should Plaintiff wish to renew his request at any time after filing his amended complaint.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **STOCKS, PIERCE,** and **MOSS** are also **DISMISSED** without prejudice from this action.

Plaintiff is **GRANTED** leave to file an amended complaint, which focuses on an Eighth Amendment conditions of confinement and/or deliberate indifference to medical needs claim(s), **on or before April 29, 2016.**  Should Plaintiff fail to file an amended complaint within

the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 24, 2016**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**