IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEARICK FARR, #K-69866,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**OFFICER STOCKS,** )<br>**ROGER MOSS,** )<br>**and KAREN PIERCE,** )<br>)<br>**Defendants.** ) | Case No. 16-cv-00141-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On February 8, 2016, Plaintiff Dearick Farr filed this civil rights action pursuant to 42 U.S.C. § 1983 against several officials at Vandalia Correctional Center ("Vandalia") who allegedly failed to prevent him from slipping and falling in a puddle of water in Dorm F at Vandalia. (Doc. 1). Plaintiff asserted a single negligence claim against the defendants. (*Id*. at 5). He requested monetary relief. (*Id*. at 6).

In an Order dated March 25, 2016, the Court dismissed the complaint for failure to state a claim upon which relief may be granted. The Court explained that a defendant can never be held liable for negligence, or even gross negligence, under § 1983. (Doc. 7, p. 5) (citing *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)). The dismissal of the complaint was without prejudice.

Plaintiff was granted leave to file a First Amended Complaint focusing on an Eighth Amendment conditions of confinement claim and/or a deliberate indifference to medical needs claim. The deadline for doing so was April 29, 2016. Plaintiff was warned that failure to comply with the Order would result in dismissal of the action with prejudice and a "strike."

(Doc. 7, pp. 7-8) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A).

The deadline has now passed. Plaintiff has not file a First Amended Complaint in this action. He has not requested an extension of the deadline for doing so.

**IT IS HEREBY ORDERED** that this case is **DISMISSED with prejudice** for failure to comply with an Order of this Court (Doc. 7) and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). Further, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 10, 2016**

                                                    **s/ MICHAEL J. REAGAN**
                                                    Chief Judge
                                                    United States District Court